# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**KENNETH G. GILMAN**, individually and
on behalf of all others similarly situated,

        **Plaintiff,**

-vs-                                                       Case No. 2:11-cv-696-FtM-99DNF

**SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL ARBITRATION OR, ALTERNATIVELY, TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM (Doc. No. 18)** |
| **FILED:** | **March 16, 2012** |

**THEREON** it is **RECOMMENDED** that the Motion to Dismiss be **GRANTED** in part.

    This cause is before the Court on the Defendant, Samsung Telecommunications America, LLC's ("STA") Motion to Compel Arbitration or Alternatively to Dismiss the Complaint filed on March 16, 2012. STA filed a Memorandum of Law in Support (Doc. 18) on March 16, 2012, which included an Affidavit in Support of the Motion to Compel or alternatively to Dismiss the Complaint

by Timothy Rowden, Vice President of Product Management with STA. (Doc. 18, Ex. A). The Plaintiff, Kenneth G. Gilman filed an Opposition (Doc. 25) on April 23, 2012. The Honorable Anne C. Conway, Chief United States District Judge entered an Order (Doc. 27) on June 5, 2012 which referred this matter for ruling, or if appropriate the issuance of a Report and Recommendation. The Court carefully reviewed the submissions of the parties.

**I. Background**

The Plaintiff's Complaint is brought both individually and as a class action pursuant to FED. R. CIV. P. 23 against STA. The Court has jurisdiction over the alleged claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332. The Plaintiff purchased a phone from Verizon Wireless ("Verizon") that was manufactured by STA in December 2010. (Doc. 18, p. 2). The Plaintiff's Complaint alleges that STA breached its Express and Implied Warranties and violated Florida's Deceptive and Unfair Trade Practices Act ("DUTPA") by knowingly placing its inherently defective phones into the stream of commerce. (Doc. 1, p. 9,11,12). Among other reasons, STA argues that the Complaint should be dismissed as a "shotgun pleading." Upon review of the Complaint (Doc. 1), the Court find that the Complaint is a "shotgun pleading" and recommends that it be dismissed with leave for the Plaintiff to amend.

**II. Shotgun Pleading**

"The Eleventh Circuit has had much to say about shotgun pleadings, none of which is favorable." *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008) ([S]ince 1985 we have explicitly condemned shotgun pleadings upward of fifty times."); *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Shotgun complaints,

"contain[] several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts [] contain irrelevant factual allegations and legal conclusions. *Id.* "Neither this Court nor the district court is required to parse the complaint searching for allegations of misrepresentations that could conceivably form the basis of each of Appellants' claims." *Ferrell v. Durbin*, 311 Fed. Appx. 253, 259 (11th Cir. 2009).

A review of the Plaintiff's Complaint reflects an improper incorporation of prior paragraphs into each count. (Doc. 1, ¶¶ 46, 56, 64). The Plaintiff does not distinguish which facts are relevant to each count, making the reader wonder which of the prior factual allegations support the elements of the claim. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("Each count incorporates by reference the allegations made in a section entitled 'General Factual Allegations' . . . while also incorporating the allegations of any count or counts that precede it. The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried . . ."). The Plaintiff not only incorporates prior factual allegations in each count, but also incorporates all of the elements of the prior counts as well as the remedies. For example in Count II which is a Breach of Implied Warranties claim, the Plaintiff "incorporates all of the above allegations by reference as if fully set forth herein" of the claims in Count I for Breach of Express Warranties.

In addition to improperly incorporating the prior paragraphs, at the beginning of Count III (Doc. 1, ¶ 64) the Plaintiff also states, "[t]he conduct of [STA], as set forth above, constitutes an unfair or deceptive practice under DUTPA." (Doc. 1, ¶ 67.) The Plaintiff does not clarify exactly what "as set forth above" refers to in the prior allegations. (See, Doc. 1, ¶67). The Plaintiff's Complaint improperly forces the Court to, "sift through the facts presented and decide for itself which were

material to the particular cause of action asserted." *Beckwith v. Bellsouth Telecom. Inc.*, 146 Fed. Appx. 368, 372 (11th Cir. 2005) (quoting *Spear* 305 F.3d at 1296 n.9 (citations omitted)). Therefore, the Court finds that the Plaintiff's Complaint is a shotgun pleading.

STA argues that the Plaintiff's Complaint should be dismissed in its entirety relying upon *Jovine v. Abbott Laboratories, Inc.*, 795 F.Supp. 2d 1331 (S.D. Fla. 2011). The Court in *Jovine* granted the defendant's motion to dismiss plaintiff's shotgun complaint but allowed the plaintiff to file an amended complaint. *Id.* at 1345. "As we have stated on several occasions over the past twelve years, if, in the face of a shotgun complaint, the defendant does not move the court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001). Therefore, in the present case the Court recommends that the Plaintiff's Complaint be dismissed without prejudice and that the Plaintiff be given leave to amend. The Court determines that the Plaintiff's Complaint is a shotgun pleading and therefore, the Court will not address the other issues raised by STA as to the sufficiency of the Complaint nor the issue regarding arbitration.

**IT IS RESPECTFULLY RECOMMENDED:**

1) Samsung Electronics America, LLC's Motion to Dismiss Plaintiff's Complaint (Doc. 18) be **GRANTED** in part, and the Motion to Dismiss be granted on the basis that the Complaint is a shotgun pleading. and in all other respects the Motion to Compel Arbitration or, Alternatively, to Dismiss Complaint for Failure to State a Claim be **DENIED**.

2) The Complaint (Doc. 1) be dismissed without prejudice and with leave to amend.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __25th__ day of July, 2012.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record